EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Perfect Cleaning Service, Inc.<br><br>Recurrido<br><br>v.<br><br>Centro Cardiovascular de Puerto Rico y El Caribe, et al<br><br>Peticionario | Certiorari<br><br>2007 TSPR 167<br><br>172 DPR _____ |

Número del Caso: CC-2007-236


Fecha: 18 de septiembre de 2007

Tribunal de Apelaciones:

      Región Judicial I de San Juan, Panel IV

Juez Ponente:

      Hon. Aleida Varona Méndez


Abogados de la Parte Peticionaria:

      Lcda. Eileen Landrón Guardiola
      Lcdo. Eduardo Vera Ramírez
      Lcdo. Luis A. Alvarado Hernández


Abogado de la Parte Recurrida:

      Lcdo. Héctor L. Banchs Pascualli



Materia: Servicios de Limpieza



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Perfect Cleaning Service, Inc.

    Recurrido

        v.                        CC-2007-236       Certiorari

Centro Cardiovascular de
Puerto Rico y El Caribe,
*et al*

    Peticionario

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 18 de septiembre de 2007.

En esta ocasión, nos corresponde determinar si procede una acción en daños y perjuicios a favor de una licitadora que no resultó favorecida en una subasta gubernamental. En específico, debemos resolver si actuó correctamente el Tribunal de Apelaciones al concluir que Perfect Cleaning Service, Inc., licitadora perdidosa en una subasta realizada por el Centro Cardiovascular de Puerto Rico y el Caribe, puede reclamarle a esta última los gastos y desembolsos incurridos para participar en la subasta. Por entender que un licitador a quien no se le adjudicó una subasta cuyo resultado es

posteriormente revocado no tiene a su favor una causa de acción en daños y perjuicios contra la entidad gubernamental de que se trate, revocamos el dictamen recurrido.

I

Los hechos de este caso no están en controversia. El Centro Cardiovascular de Puerto Rico y el Caribe (en adelante, Centro Cardiovascular) invitó al público a participar de una subasta para la contratación de servicios de limpieza. A la referida subasta comparecieron varias entidades, entre ellas, Perfect Cleaning Service, Inc. (en adelante, Perfect Cleaning) y NBM Enterprises. La subasta finalmente fue adjudicada a favor de esta última.

Inconforme con la decisión, y tras varios trámites ante la Junta de Subastas, Perfect Cleaning presentó un recurso de revisión ante el Tribunal de Apelaciones aduciendo que NBM Enterprises no había cumplido con el pliego de especificaciones y que, por tanto, no se le debió conceder la buena pro. El foro apelativo revocó la adjudicación de la subasta por entender que, en efecto, NBM Enterprises no cumplió cabalmente con los requisitos aplicables. En vista de ello, más tarde se celebró una nueva subasta cuyo resultado también fue revocado en la etapa de revisión. En esa ocasión, el Tribunal de Apelaciones ordenó expresamente la celebración de una nueva subasta.

Amparándose en el dictamen del foro apelativo revocando la adjudicación hecha a favor de NBM Enterprises, Perfect Cleaning presentó una demanda sobre daños y perjuicios en contra del Centro Cardiovascular y su Junta de Subastas. Sostuvo que la subasta antes mencionada fue ilegalmente adjudicada a favor de NBM Enterprises y que dicha actuación le ocasionó daños ya que –a su entender– fue el postor más bajo que cumplió con todas las exigencias. En vista de ello, solicitó una compensación de $2,008,800.00.

En respuesta a la referida demanda, el Centro Cardiovascular presentó una "Moción de Desestimación" aduciendo que la demanda incoada por Perfect Cleaning dejaba de exponer una reclamación que ameritara la concesión de un remedio. Perfect Cleaning se opuso a la solicitud de desestimación utilizando como fundamento la Opinión emitida en RBR Const., S.E. v. Autoridad de Carreteras, 149 D.P.R. 836 (1999) toda vez que –a su entender– allí se reconoció una causa de acción en daños y perjuicios a favor de los licitadores perjudicados por la adjudicación ilegal de una subasta.

Tras varios incidentes procesales, el Tribunal de Primera Instancia dictó sentencia desestimando la demanda. Determinó que no procedía la indemnización solicitada porque el foro apelativo no resolvió que la subasta le correspondía a Perfect Cleaning.

Insatisfecha con el dictamen, y tras haber solicitado infructuosamente la reconsideración del mismo, Perfect Cleaning acudió nuevamente ante el Tribunal de Apelaciones. Dicho foro revocó la determinación recurrida por entender que Perfect Cleaning podía reclamarle al Centro Cardiovascular los gastos y desembolsos realizados para participar de la subasta al amparo de las doctrinas de culpa *in contrahendo* y abuso de derecho.

El Centro Cardiovascular acude ante nos y aduce que erró el foro apelativo al resolver que Perfect Cleaning tiene a su disposición una causa de acción al amparo de las doctrinas mencionadas, meramente por haber participado en una subasta cuya adjudicación fue posteriormente revocada.

Examinada la petición, le concedimos término a Perfect Cleaning para mostrar causa por la cual no debamos revocar el dictamen recurrido. Perfect Cleaning compareció oportunamente. Con el beneficio de sus respectivas posiciones, procedemos a resolver.

## II

Al evaluar el recurso de autos, partimos de la premisa de que las subastas son invitaciones que hace determinada entidad para que se presenten ofertas para la realización de obras o la adquisición de bienes y servicios. La normativa que regula las subastas gubernamentales busca proteger los intereses del pueblo procurando conseguir los precios más bajos posibles; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la

extravagancia; el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. Accumail de Puerto Rico v. Junta de Subastas, res. el 12 de abril de 2007, 2007 TSPR 70; Empresas Toledo v. Junta de Subastas, res. el 31 de agosto de 2006, 2006 TSPR 138.

Los licitadores que participan de dichos eventos los hacen con el fin de presentar sus cotizaciones con respecto a las obras, bienes o servicios objeto de la subasta.  No obstante, dichos postores **no tienen un derecho adquirido** meramente por su participación en la subasta. Torres Maldonado v. Junta de Subastas, res. el 17 de enero de 2007, 2007 TSPR 7, nota 6; Empresas Toledo v. Junta de Subastas, *supra*.  Ello responde, entre otras cosas, al hecho de que generalmente el momento en que una agencia gubernamental queda obligada en un proceso de subasta es cuando se otorga el contrato y no cuando se adjudica la buena pro. Véase Justiniano v. E.L.A., 100 D.P.R. 334, 340 (1971).  De conformidad con ese principio, las agencias poseen discreción para seleccionar el postor que más convenga al interés público y pueden, incluso, revocar la adjudicación de una subasta antes de que se formalice el contrato correspondiente[1]. Véase Cordero Vélez v. Municipio de Guánica, res. el 12 de febrero de 2007, 2007 TSPR 24; A.E.E. v. Maxon Engineering Services, res. el 9 de diciembre de 2004, 2004 TSPR 197.

---

[1] Para la normativa equivalente con respecto a los municipios véase Colón Colón v. Municipio de Arecibo, res. el 28 de marzo de 2007, 2007 TSPR 61 y Cordero Vélez v. Municipio de Guánica, *supra*.

Ahora bien, hemos reconocido que existen circunstancias en las cuales, aunque no se formalice el vínculo contractual, las partes pueden incurrir en responsabilidad civil. A esos efectos, en Prods. Tommy Muñiz v. COPAN, 113 D.P.R. 517, 528-530 (1982), resolvimos que el rompimiento injustificado de las negociaciones[2] constituye un hecho ilícito que puede generar responsabilidad civil extra-contractual bajo la llamada culpa *in contrahendo*[3]. En esa ocasión, aclaramos que dicha responsabilidad pre-contractual puede surgir en circunstancias particulares al amparo de figuras tales como la culpa, el dolo, el fraude, la ausencia de buena fe, el abuso de derecho o bajo otros principios generales del derecho.

Esta normativa fue invocada posteriormente en RBR Const., S.E. v. Autoridad de Carreteras, *supra*, págs. 847-848. En ese caso, un licitador recurrió ante este Foro con el fin de que se declarara la ilegalidad y arbitrariedad de la **anulación de la subasta** concernida. Su posición descansó en la ausencia de fundamentos para la anulación y en la

---

[2] Para precisar lo que constituye un rompimiento injustificado de las negociaciones establecimos que se debe considerar lo siguiente: (1) el desarrollo de las negociaciones, (2) cómo comenzaron, (3) el curso que siguieron, (4) la conducta de las partes durante su transcurso, (5) la etapa en que se produjo el rompimiento, y (6) las expectativas razonables de las partes en la conclusión del contrato, así como cualquier otra circunstancia pertinente conforme a los hechos del caso. Prods. Tommy Muñiz v. COPAN, *supra*, pág. 530.

[3] Dicha norma fue discutida y reiterada recientemente en Colón v. Glamorous Nails, res. el 3 de febrero de 2006, 2006 TSPR 16.

demostración de que a él se le debió conceder la buena pro. Tras analizar el contexto en que surgió la controversia, determinamos que la anulación de aquella subasta no respondió a un fin legítimo en protección del interés público, sino que representó un abuso de derecho y un acto arbitrario plagado de irregularidades. En vista de ello, resolvimos que —a pesar de que ya se había celebrado una nueva subasta— la controversia no se había tornado académica porque la actuación de la entidad gubernamental en cuestión podía tener consecuencias colaterales tales como una causa de acción en daños y perjuicios en la que el licitador perjudicado podría recobrar los costos incurridos para participar de la subasta arbitrariamente anulada.

En el caso de autos, el foro apelativo se amparó, precisamente, en la norma de _RBR Const., S.E. v. Autoridad de Carreteras_, *supra,* para resolver que no procedía la desestimación de la demanda incoada por Perfect Cleaning en contra del Centro Cardiovascular. Concluyó que, dado que Perfect Cleaning participó como licitadora en la subasta cuyo resultado fue posteriormente revocado y, toda vez que no obtuvo la buena pro, ésta puede reclamar por los costos incurridos para participar en la subasta y otros gastos relacionados.

Por su parte, el Centro Cardiovascular aduce que el dictamen recurrido extiende desmesuradamente el alcance de la norma adoptada en _RBR Const., S.E. v. Autoridad de Carreteras_, *supra,* y avala una causa de acción inexistente

en nuestra jurisdicción; a saber, aquella a favor de un licitador que no resultó favorecido en una subasta cuyo resultado es posteriormente revocado por un error de derecho. Sostiene, además, que dicha postura no encuentra apoyo en la norma establecida en el precedente mencionado, toda vez que la situación fáctica que dio lugar a la misma es totalmente distinguible de la que nos ocupa. Le asiste la razón.

En RBR Const., S.E. v. Autoridad de Carreteras, *supra,* la Junta de Subastas de la Autoridad de Carreteras y Transportación **anuló** una subasta sin exponer justificación alguna y se negó a adjudicarla a favor de RBR Const., S.E. levantando un fundamento arbitrario e insuficiente. Posteriormente la Junta presentó como fundamento para anular la subasta el hecho de que no hubo una lectura en voz alta de los precios unitarios por partida de las tres licitaciones más bajas. Sin embargo, tras analizar el pliego de especificaciones y el reglamento correspondiente, nos percatamos de la inexistencia de dicho requisito, así como de la insuficiencia de las razones utilizadas para no adjudicar la subasta a favor de RBR Const., S.E.

Preocupados por las irregularidades mencionadas, destacamos la importancia de la secretividad en la etapa anterior a la apertura de la licitación para que el trámite de subasta sea de competencia efectiva y honesta, y expresamos que **la anulación arbitraria de una subasta válidamente celebrada derrota ese objetivo**. Véase RBR

Const., S.E. v. Autoridad de Carreteras, *supra,* pág. 849. Especificamos que una vez se abren las licitaciones, todos los postores conocen las cotizaciones de los demás, lo cual permite que los más poderosos económicamente tengan la oportunidad de reducir sus ofertas en la segunda subasta para eliminar a sus contendientes.

A la luz de lo anterior, en esa ocasión determinamos que la discreción que se le reconoce a las agencias para rechazar las licitaciones o anular una subasta está sujeta tanto a los objetivos del estatuto que las regula como al interés público. Resolvimos que **"[s]ólo en relación a estos fines […] puede ejercerse la discreción administrativa delegada para anular una subasta válidamente adjudicada"** y expresamos que, lo contrario, sería permitir el abuso y la arbitrariedad. RBR Const., S.E. v. Autoridad de Carreteras, *supra,* pág. 852 (énfasis suplido).

En el caso que nos ocupa, sin embargo, no hubo una anulación abusiva o arbitraria de la subasta realizada por el Centro Cardiovascular. Más bien, lo que ocurrió fue una adjudicación errónea que ni siquiera presenta indicios de arbitrariedad o abuso de derecho. Dicho error en la adjudicación surgió porque, como cuestión de derecho, no correspondía otorgarle la buena pro a NBM Enterprises toda vez que dicha entidad no había cumplido cabalmente con el pliego de especificaciones. Al resolver el asunto, el foro apelativo corrigió el error cometido por lo que, incluso,

todavía existe la posibilidad de que Perfect Cleaning pueda resultar favorecida en el resultado de una nueva subasta.

El análisis anterior demuestra que, en efecto, el foro apelativo hizo una interpretación equivocada de la Opinión emitida en RBR Const., S.E. v. Autoridad de Carreteras, *supra*. Por un lado, obvió que la norma allí establecida surgió en el contexto de la **anulación abusiva y arbitraria** de una subasta válidamente celebrada y no de una mera **adjudicación errónea**. Por otro lado, desatendió las razones que nos movieron a reconocer una posible causa de acción en aquel escenario; a saber, la necesidad de evitar la competencia desleal que puede ocurrir al anularse una subasta después que se han abierto las licitaciones.

Más aún, somos del criterio que el dictamen recurrido sentaría un peligroso precedente en cuanto apoya la disponibilidad automática de una causa de acción en daños y perjuicios a favor de todo licitador perdidoso en una subasta cuya adjudicación fuera posteriormente revocada. No podemos perder de vista que con cierta frecuencia los resultados de las subastas son revisados y alterados tanto por el Tribunal de Apelaciones como por este Foro, sin que eso haya generado nunca una causa de acción a favor de los licitadores que inicialmente no fueron favorecidos.

Téngase presente, además, que cualquier determinación en este contexto debe ser cónsona con las normas que rigen las subastas gubernamentales. En particular, debemos recordar que las subastas son sólo invitaciones a presentar

ofertas, por lo que la mera participación en dichos eventos no confiere derechos. Asimismo, no podemos desatender el principio de que los entes gubernamentales tienen discreción a la hora de adjudicar las subastas y que pueden, incluso, revocar la adjudicación de las mismas antes de que se formalice el contrato correspondiente. Claramente, tal como indicamos en RBR Const. S.E. v. Autoridad de Carreteras, *supra*, dicha facultad se mantiene siempre que se ejerza de forma razonable y para fines legítimos de la entidad o del interés público. En este caso, no existen razones para considerar que el Centro Cardiovascular ejerció su discreción de forma abusiva o irrazonable, ni que la empleó en la consecución de objetivos ajenos al interés público.

Evidentemente, un resultado que conlleve la imposición de responsabilidad a una agencia por una mera adjudicación errónea, en ausencia de circunstancias extraordinarias como las que dieron lugar a la norma adoptada en RBR Const., S.E. v. Autoridad de Carreteras, *supra,* sería contrario al interés público, al mejor manejo de los fondos del erario y a las pautas que regulan las subastas gubernamentales.

Aunque ante una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2, corresponde tomar como ciertos los hechos bien alegados en la demanda e interpretarlos de forma favorable para el demandante, lo cierto es que cuando se demuestra que éste no tiene derecho a remedio alguno, procede

conceder la desestimación solicitada. Colón Muñoz v. Lotería de Puerto Rico, res. el 20 de abril de 2006, 2006 TSPR 65.

En este caso, dado que Perfect Cleaning descansó únicamente en la norma pautada en RBR Const., S.E. v. Autoridad de Carreteras, *supra,* y toda vez que dicha norma resulta inaplicable a los hechos de este caso, debemos concluir que dicha entidad no tiene derecho a remedio alguno aún interpretando sus alegaciones de la forma más favorable posible. Conforme a ello, resolvemos que Perfect Cleaning no tiene a su disposición una causa de acción en daños y perjuicios para reclamarle al Centro Cardiovascular los gastos y desembolsos realizados para participar de la subasta en la que no resultó favorecida. Por tanto, erró el Tribunal de Apelaciones al negarse a desestimar la demanda presentada.

### III

Por los fundamentos que preceden, se expide el auto solicitado, se revoca el dictamen del Tribunal de Apelaciones y se desestima la demanda presentada por Perfect Cleaning.

Se dictará sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Perfect Cleaning Service, Inc.

    Recurrido

       v.                     CC-2007-236      Certiorari

Centro Cardiovascular de
Puerto Rico y El Caribe,
*et al*

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 18 de septiembre de 2007.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca el dictamen del Tribunal de Apelaciones y se desestima la demanda presentada por Perfect Cleaning.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez está inhibida.

Dimarie Alicea Lozada
Secretaria del Tribunal Supremo Interina